UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV789 SNLJ |
| | ) |
| FARMINGTON CORRECTIONAL | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's submission of a civil complaint, motion for leave to proceed in forma pauperis, and motion for temporary restraining order.

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking leave to proceed in forma pauperis must submit a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.  Plaintiff has not submitted a prison account statement.  Therefore, the Court will order him to do so.

The complaint has not been drafted on the Court-provided form. Additionally, the complaint is unnecessarily lengthy and rambling.  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the

claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Because the complaint is overly long and discursive, it does not comply with Rule 8(a), and it is dismissible as a result. See Micklus v. Greer, 705 F.2d 314, 317 n. 3 (8th Cir. 1983). As a result, the Court will require plaintiff to file an amended complaint on the Court-provided form that complies with Rule 8.

The Court has reviewed plaintiff's motion for temporary restraining order and finds that plaintiff is not entitled to injunctive relief at this time. Plaintiff complains that he is not allowed to continue his employment as a law clerk and that some legal materials have been taken from him. A prisoner has "no constitutional right to a particular prison job." Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002). "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged facts demonstrating that he has suffered an actual injury to an existing legal claim. As a result, plaintiff has not demonstrated that he is likely to succeed on the merits regarding the claims raised in the motion. Consequently, the Court will deny the motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit a certified copy of his prison account statement within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall send plaintiff a Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint using the Court-provided form no later than thirty (30) days from the date of this Order. The amended complaint must comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [ECF No. 3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed.

Dated this <u>26th</u> day of April, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE